UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JUANITA CRUZ,

|  |  |
|---|---|
| **Plaintiff,** | **COMPLAINT** |
| -against- | **JURY TRIAL DEMANDED** |
| THE CITY OF NEW YORK, THE CITY OF NEW YORK POLICE DEPARTMENT, P.O.'s "JOHN DOE" #1-10 individually and in their Official Capacities (the name "JOHN DOE" being fictitious, as the true names are presently unknown), and THE NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, and LINCOLN HOSPITAL, and METROPOLITAN HOSPITAL, and JANE GARIN MD | **ECF CASE** |

Defendants.
------------------------------------------------------------------X

The Plaintiff(s) by her attorneys, YALKUT & ISRAEL, complaining of the defendants,

respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action for compensatory damages, punitive damages fees pursuant to

42 U.S.C. 1983 and 42 U.S.C. 1988 for violation of their civil rights and the

Constitutions of New York and the United States.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1988, and the First,

Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution

## VENUE

3.     Venue is properly laid in the Southern District of New York under 28 U.S.C. 1391(b) in

that this is the District in which the claim arose.

## JURY DEMAND

4.  Plaintiff respectfully demands trial by jury of all issues in this matter pursuant to Federal

Rules of Civil Procedure, P. 38(b).

## PARTIES

5.  That at all times hereinafter mentioned, defendant, THE CITY OF NEW YORK,

(hereinafter referred to as "CITY"), was a municipal corporation duly organized and

existing pursuant to the laws of the State of New York;

6.  That at all times hereinafter mentioned, defendant, THE CITY OF NEW YORK

HEALTH AND HOSPITAL CORPORATION, (hereinafter referred to as "HOSPITAL"),

was a municipal corporation duly organized and existing pursuant to the laws of the State

of New York;

7.  That a notice of claim was served upon defendants, "CITY", "HOSPITAL" and THE

NEW YORK CITY POLICE DEPARTMENT, (hereinafter referred to as "POLICE"),

within ninety(90) days of the occurrence and/or accrual of the cause of action.

8.  That more than thirty (30) days have elapsed since presentation of said claim, and

defendants, "CITY", and "POLICE" and "HOSPITAL", have failed to adjust and /or

dispose of the claim presented therein;

9.  That this action is commenced within two years of the date of the incident and/or accrual

of the cause of action;

10. That at all times hereinafter mentioned, defendant, "CITY, owns the " POLICE" as a

subsidiary;

11.. That at all times hereinafter mentioned, defendant, "HOSPITAL", owns LINCOLN

HOSPITAL as a subsidiary;

12. That at all times hereinafter mentioned, defendant, "HOSPITAL", owns the " METRO-POLITAN HOSPITAL as a subsidiary;

13. That at all times hereinafter mentioned, defendant, "CITY", maintains and operates and controls the "POLICE";

14. That at all times hereinafter mentioned, defendant, "HOSPITAL" , manages operates and controls the LINCOLN HOSPITAL and METROPOLITAN HOSPITAL;

15. That at all times herein mentioned the plaintiff resided in her apartment located at 721 Grand Concourse, County of Bronx, City and State of New York;

16. That on January 9, 2009, at approximately 10:30 a.m. of that day, plaintiff was lawfully within her apartment at 721 Grand Concourse, Bronx, New York at apartment 5H thereof, when members of the "POLICE" of defendant, :CITY", responded to said location;

17. That the defendants "POLICE" and "P.O. "JOHN DOE" falsely handcuffed the plaintiff and, against her will, removed her to Lincoln Hospital;

18. That te defendants "HOSPITAL" and LINCOLN HOSPITAL falsely imprisoned the plaintiff against her will;

18a. That the defendants "POLICE" and "P.O. JOHN DOE" thereafter removed the plaintiff, against her will, to the defendants, "HOSPITAL" and METROPOLITAN HOSPITAL where she was further imprisoned and confined by defendant JANE GARIN MD,

19. That the criminal action against the Plaintiffs were disposed of as follows: Defendants never prosecuted;

20. That the Plaintiff was intentionally confined by the Defendants without her consent and this confinement was not otherwise privileged by law and at all times the plaintiff was

conscious of their confinement;

## FIRST COUNT-FALSE IMPRISONMENT

21. The plaintiff repeats and reiterates each and every allegation of the complaint numbered 1-20 as if same were set forth herein;

22. That the Plaintiff was intentionally confined by the Defendants without her consent and this confinement was not otherwise privileged by law and at all times the plaintiffs was conscious of her confinement;

23. That as a result of the foregoing, plaintiff has been damaged in a sum within the Jurisdictional limits of The United States District Court, Southern District and in excess of the Jurisdictional limits of all inferior Courts;

## SECOND COUNT-NEGLIGENT TREATMENT:

24. Plaintiff repeats, reiterates and re-alleges the allegations contained in Paragraphs " through"23" herein as if more fully set forth at length;

25. At the aforementioned times and places, plaintiff, was negligently treated by Jane Garin MD and the police officers employed by the defendants, in that a proper investigation was not conducted prior to the incident complained of;

26. Said Jane Garin MD and Police Officers wereacting within the course and scope of their employment with defendants

27. Plaintiffs intends to claim punitive damages and legal fees for all of the counts herein

28. As a result of the foregoing, plaintiff has been damaged in a sum within the Jurisdictional limits of The United States District Court, Southern District and in excess of the Jurisdictional limits of all inferior Courts

## THIRD COUNT-INVASION OF PRIVACY:

29.    Plaintiff repeats, reiterates and re-alleges the allegations contained in Paragraphs "1"

through "28"herein as if more fully set forth at length:

30.    That the aforementioned occurrence constituted an invasion of the privacy of plaintiff;

.      That as a result of the foregoing, Plaintiff,  sustained severe and serious emotional

injuries and other consequential damages;

31.    That plaintiff intend to claim punitive damages and legal fees for all of the counts

interposed herein;

32.    That as a result of the foregoing, plaintiff  has been damaged in a sum within the

Jurisdictional limits of The United States District Court, Southern District and in excess

of the Jurisdictional limits of all inferior Courts;

## FOURTH COUNT-CIVIL RIGHTS VIOLATION:

33.    Plaintiff repeats, reiterates and re-alleges the allegations contained in Paragraphs "1"

through "32" herein as if more fully set forth at length:

34.    That as a result of the aforementioned occurrence, plaintiff was deprived of her civil

rights under the Constitution of the State of New York and the Constitution of the United

States, as well as other State ordinances statutes, codes and rules, including but not

limited to 42 USC §1981, §1983, §1985, 1988 and 28 USC § 1343,

35.    That as a result of the foregoing, plaintiff, suffered emotional trauma, feared for her life,

sustained severe and serious other consequential damages;

36.    That plaintiff intends to claim punitive damages and legal fees for all of the causes of

action interposed herein;

37.     That as a result of the foregoing, plaintiff has been damaged in a sum within the

        Jurisdictional limits of The United States District Court, Southern District and in excess

        of the Jurisdictional limits of all inferior Courts.

## FIFTH COUNT-NEGLIGENCE

38.     Plaintiff repeats, reiterates and re-alleges the allegations contained in Paragraphs "1"

        through "37" herein as if more fully set forth at length:

39      That the aforementioned occurrence took place by reason of the negligence of defendants,

        their agents, servants and/or employees, including various police officers and physicians;

40.     That as a result of the foregoing, Plaintiff suffered emotional trauma, feared for her life,

        sustained severe and serious other consequential damages;

41.     That plaintiff intends to claim punitive damages and legal fees for all of the causes of

        action interposed herein;

42.     That as a result of the foregoing, plaintiff has been damaged in a sum within the

        Jurisdictional limits of The United States District Court, Southern District and in excess

        of the Jurisdictional limits of all inferior Courts;

## SIXTH COUNT-PRIMA FACIE TORT

43.     Plaintiff repeats, reiterates and re-alleges the allegations contained in Paragraphs "1"

        through "42" herein as if more fully set forth at length:

44.     That the defendants, with intent to emotionally harm plaintiff and without justification,

        intentionally acted to emotionally harm said plaintiff, causing pecuniary loss to plaintiff;

45.     That the plaintiff is seeking punitive damages and legal fees on all counts;

46.     That the plaintiff is seeking damages in a sum within the Jurisdictional limits of The

        United States District Court, Southern District and in excess of the Jurisdictional limits of

all inferior Courts.

## SEVENTH COUNT MUNICIPAL LIABILITY

47.   Plaintiff repeats, reiterates and re-alleges each and every allegation contained in

     paragraphs " 1" through "46" as if the same were more fully set forth at length herein;

48.   That defendants imprisoned and detained  in the absence of any evidence

     of criminal wrongdoing, notwithstanding their knowledge that said imprisonment and

     detention would jeopardize plaintiffs liberty, well being, safety and constitutional rights;

49.   That the acts complained of were carried out by the aforementioned defendants in their

     capacities as police officers, physicians and officials, with all the actual and/or apparent

     authority attendant thereto;

50.   That the acts complained of were carried out by the aforementioned individual

     defendants in their capacities as police officers and officials pursuant to the customs,

     policies, usages, practices, procedures, and rules of the City of New York and the New

     York City Police Department., all under the supervision of ranking officers of said

     department;

51.   That the aforementioned customs, policies. usages, practices, procedures and rules of

     the City of New York and the New York City Police Department include, but are not

     limited to, the following unconstitutional practices:

        a)   imprisoning innocent persons wrongfully apprehended;

        b)   Imprisoning innocent persons notwithstanding the existence of credible

            evidence which exonerates the accused of any criminal wrongdoing.

52.   That the existence of the aforesaid unconstitutional customs and policies may be

inferred from repeated occurrences of similar wrongful conduct. as documented in the following civil rights actions filed against the City of New York:

- **Frank Douglas v. City of New York**., United States District Court Southern District of New York, 03 CV 6475;

  **Darnell Flood v. City of New York**, United States District Court, Southern District of New York. 03 CV 10313;

  **Theodore Richardson v. City of New York. et al**, United States District Court, Eastern District of New York, 02 CV 3651;

  **Phillip Stewart v. City of New York**, United States District Court, Southern District of New York, 05 CV 2375;

  **Benjamin Taylor v. City of New York.** United States District Court. Eastern District of New York, 01 CV 5750;

  **Angel Vasquez v. City of New York,** United States District Court, Eastern District of New York, 05 CV 3552;

- **Alvin .Williams v. City of New York.,** United States District Court, Southern District of New York.. 05 CV 4013:

  **Terrence Burton v. City of New York,** United States District Court, District of New York, 06 CV 6884.

53.   That the foregoing customs, policies. usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety', well-being and constitutional rights of plaintiff ;

54.   That the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and

proximate cause of the constitutional violations suffered by the plaintiff as alleged herein.

55.    That the foregoing customs, policies. usages, practices, procedures and rules of the

City of New York and the New York City Police Department were the moving force

behind the constitutional violations suffered by plaintiff as alleged herein;

56.    That as result of the foregoing custom, policies, usages, practices, procedures and rules of

the City of New York and the New York City Police Department, plaintiff was

imprisoned unlawfully for several days;.

57.    That defendants, collectively and individually, while acting under color of State Law,

were directly and actively involved in violating the constitutional rights of plaintiff ;

58.    That defendants, collectively and individually, while acting under color of State Law,

acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and

were directly responsible for the violation of the plaintiff's constitutional rights;

59.    That all of the foregoing acts by the defendants deprived the plaintiff of federally

protected rights, including but not limited to:

      A.    Not to be deprived of liberty without due process of law;

      B.    To be free from seizure and imprisonment not based upon probable cause.

      C.    To be free from unwarranted and malicious detention;

      D.    Not to have cruel and unusual punishment imposed upon him/her; and

      E.    To receive equal protection under the law.

60.    That the plaintiff intends to seek punitive damages and legal fees on all counts;

61.    That the plaintiff seeks damages in a sum within the jurisdictional limits of The United

States District Court, Southern District and in excess of the jurisdictional limits of all

inferior Courts.

**WHEREFORE,** Plaintiff, JUANITA CRUZ, demands judgement against all defendants, jointly and severally in each count in the sum of One Million ($1,000,000.00) Dollars in compensatory damages and the sum of One Million ($1,000,000.00) Dollars  punitive damages plus attorney's fees, costs and disbursements of this action.

A jury trial is demanded.

By_____
ARLEN S. YALKUT (AY-1522)
YALKUT & ISRAEL
Attorneys for Plaintiff
865B Walton Avenue
Bronx, New York 10451
(718) 292-2952